IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYTONOME/ST, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-301 (RGA) |
| NANOCELLECT BIOMEDICAL, INC., | ) ) ) |
| Defendant. | ) |

## [PROPOSED] SCHEDULING ORDER

This __8__ day of __May__ 2019, the ~~Court~~ Parties having ~~conducted~~ waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **fourteen (14)** days of the date of this Order.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, to amend or supplement the pleadings, shall be filed on or before **December 6, 2019**.

3. Discovery.

    a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **June 26, 2020**. All expert discovery in this case shall be initiated so that it will be completed on or before **September 30, 2020**.

    b. Document Production. Document production shall be substantially complete by **December 2, 2019**.

      c.      Requests for Admission. A maximum of **25 requests for admission** are permitted for each side.

      d.      Interrogatories. A maximum of **30 interrogatories**, including contention interrogatories, are permitted for each side.

      e.      Depositions.

      i.      Limitation on Hours for Fact Deposition Discovery. Each side is limited to taking a total of **105 hours** of fact testimony by deposition upon oral examination, including depositions of third parties. Unless otherwise stipulated or ordered by the Court, a deposition is limited to one (1) day of seven (7) hours. If a party believes that additional days and/or hours for deposition discovery are necessary, the parties shall meet and confer and try to reach agreement on the number of additional day(s) and/or hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

      ii.      Expert Deposition Discovery. For expert depositions, each side shall be entitled to a separate deposition for each Rule 26(a)(2)(B) report submitted by an expert. Expert deposition time shall not count against each side's allotted 105 hours of fact deposition time. The parties shall discuss any further limitations on these expert depositions after service of expert reply reports.

      iii.      Location of Depositions. The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent. Depositions of employees of the parties will occur in the United States cities in which they regularly work or reside. In the event the parties cannot agree upon a location for a deposition after negotiating in good faith, the deposition will take place within this district.

  f.  <u>Disclosures and Productions</u>. Except as modified below, the parties agree to comply with the terms of the Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard").

  i.  On or before **June 21, 2019**, the parties shall make their disclosures pursuant to Section 3 of the Default Standard of Discovery, Including Discovery of Electronically Stored Information (the "Default Standard").

  ii.  <u>Identification of Accused Products by Plaintiff</u>. On or before **June 7, 2019**, the Plaintiff shall produce to Defendant the disclosures and documents required under Section 4(a) of the Default Standard.

  iii.  <u>Production of Core Technical Documents by Defendant</u>. On or before **July 8, 2019**, the Defendant shall produce to the Plaintiff the documents required under Section 4(b) of the Default Standard.

  iv.  <u>Initial Infringement Claim Charts by Plaintiff</u>. On or before **August 7, 2019**, the Plaintiff shall produce to the Defendant the documents required under Section 4(c) of the Default Standard.

  v.  <u>Initial Invalidity Contentions by Defendant</u>. On or before **September 6, 2019**, the Defendant shall produce to the Plaintiff the documents and disclosures required under Section 4(d) of the Default Standard.

  vi.  <u>Privilege</u>. The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and/or other

exemption or immunity from production and are generated during the course of litigation. All other withheld documents must be logged in full compliance with Fed. R. Civ. P. 26(b)(5)(A).

          vii.    Nothing in this order, including the terms regarding Electronically Storied Information adopted from the Default Standard, should be interpreted to obviate the parties' obligation to produce reasonably locatable documents pursuant to Federal Rule of Civil Procedure 34, independent of the parties' use of search terms to locate other documents.

        g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

      If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    4.    <u>Application to Court for Protective Order</u>.  The parties have agreed that it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information.  Counsel should confer and attempt to reach an agreement

4

on a proposed form of order and shall submit it to the Court within **thirty** days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. E-mail Service. The parties consent to electronic service, and agree that such service of papers may be accomplished by electronic mail, with the same result as if such papers had been delivered in person.

8. Claim Construction Issue Identification. On or before **October 11, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **October 25, 2019**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to

exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **November 8, 2019**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **December 9, 2019**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **January 10, 2020**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **January 31, 2020**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **February 14, 2020**. No later than **February 21, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

A.     [TERM 1]
    1.     Plaintiff's Opening Position
    2.     Defendant's Answering Position
    3.     Plaintiff's Reply Position
    4.     Defendant's Sur-Reply Position

B.     [TERM 2]
      1.     Plaintiff's Opening Position
      2.     Defendant's Answering Position
      3.     Plaintiffs Reply Position
      4.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.     <u>Hearing on Claim Construction</u>. Beginning at 9:00 (a.m.)/p.m. on **March 18, 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    10.     <u>Disclosure of Expert Testimony</u>.

      a.     <u>Expert Reports</u>. For the party who has the initial burden of proof on a claim or defense, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 19, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 20, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **August 14, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **September 30, 2020**.

      b.     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 16, 2020**. Response briefs shall be due on or before **November 13, 2020**. Reply briefs shall be due on or before **December 11, 2020**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On ~~February~~ April 9, **2021**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 (a.m)/ p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

8

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a **five-day jury** trial beginning at 9:30 a.m. on ~~March~~ April 20, **2021**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE